```
1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   EASTERN DISTRICT OF CALIFORNIA
10
11  RUBEN PEREZ, MICHAEL MOORE
    and BRIGETTE MOORE,
12                                       NO. 2:09-cv-02850-MCE-KJM
                Plaintiffs,
13
        v.                               **ORDER**
14
    VEZER INDUSTRIAL
15  PROFESSIONALS, INC., a
    California Corporation and
16  DOES 1-50 inclusive,
17              Defendants.
18                          ----oo0oo----
19
20      On December 29, 2009, Defendant Vezer Industrial
21  Professionals, Inc. ("Vezer") filed a Motion for Leave to File a
22  Third-Party Complaint in this matter.  Plaintiffs' Complaint,
23  originally filed on July 17, 2009 in the Superior Court of
24  California in and for the County of Solano, was subsequently
25  removed to this Court, on grounds of diversity of citizenship
26  pursuant to 28 U.S.C. §§ 1441(a) and 1446, on or about
27  October 13, 2009.
28  ///
```

According to the Complaint, Plaintiffs sustained personal injuries while doing work for Vezer at a gold mine in La Libertad, Nicaragua owned by Central Sun Mining and its successor-in-interest, B2 Gold.

Through the present Motion, Vezer alleges that it contracted with Pinpoint Holdings for Plaintiffs' work at the Nicaraguan mine. According to Vezer, their contract with Pinpoint contains an indemnity clause whereby Pinpoint agrees to indemnify and hold harmless Vezer for any personal claims resulting from the negligence, in whole on in part, of Pinpoint or its representatives. Vezer further contends that a similar indemnity provision exists between Vezer and Central Sun Mining which would extend to Central Sun's successor, B2 Gold. The third-party complaint now proposed by Vezer is for purposes of asserting Vezer's alleged indemnity rights against both Pinpoint and B2 Gold. No opposition has been filed to the instant Motion for leave to file that complaint.

Federal Rule of Civil Procedure 14[1] a party to bring a lawsuit against, or "implead," a third party who is not already a party to the lawsuit in order to transfer liability being asserted against it in the underlying lawsuit. Rule 14(a)(1) provides in pertinent part as follows:

> "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 10 days after serving its original answer."

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

2

The District Court has broad discretion in determining the propriety of a third-party claim under Rule 14. Southwest Admin., Inc. v. Rozay's Transfer, 791 F.2d 769, 777 (9th Cir. 1986). Rule 14 is to be construed liberally in favor of allowing impleader. Lehman v. Revolution Portfolio L.L.C., 166 F.3d 389, 393 (1st Cir. 1999).

Given Vezer's contention that indemnity agreements were in place, Defendant County would presumably have grounds upon which to file a separate lawsuit against for contribution and indemnity against both Pinpoint Holdings and B2 Gold. Accordingly, a third-party complaint by Vezer against those entities is proper, and Vezer's Motion is GRANTED.[2] Vezer shall file and serve its proposed third-party complaint forthwith.

IT IS SO ORDERED.

Dated: January 29, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

3