```
                    UNITED STATES DISTRICT COURT

                   EASTERN DISTRICT OF CALIFORNIA


RUBEN PEREZ, MICHAEL MOORE            No. 2:09-cv-02850-MCE-KJM
and BRIGETTE MOORE,

          Plaintiffs,

     v.                               ORDER

VEZER INDUSTRIAL
PROFESSIONALS, INC., a
California Corporation and
DOES 1-50 inclusive,

          Defendants.
_____/
VEZER INDUSTRIAL
PROFESSIONALS, INC.,

          Third-Party
          Plaintiff,

     v.

PINPOINT HOLDING. INC., a
corporation; B2 GOLD, a
Canadian corporation,

          Third-Party
          Defendants.
                       ----oo0oo----

///
```

Presently before the Court is a Motion for Leave to File a First Amended Third-Party Complaint brought by Defendant Vezer Industrial Professionals, Inc. ("Vezer"). Plaintiffs' Complaint, originally filed on July 17, 2009 in the Superior Court of California in and for the County of Solano, was subsequently removed to this Court, on grounds of diversity of citizenship pursuant to 28 U.S.C. §§ 1441(a) and 1446, on or about October 13, 2009. According to the Complaint, Plaintiffs sustained personal injuries while doing work for Vezer at a gold mine in La Libertad, Nicaragua owned by Central Sun Mining and its successor-in-interest, B2 Gold.

By previous Order filed February 1, 2010, the Court permitted Vezer to file an initial Third-Party Complaint against Pinpoint Holdings upon Vezer's allegation that it contracted with Pinpoint Holdings for Plaintiffs' work at the Nicaraguan mine. According to Vezer, their contract with Pinpoint contained an indemnity clause whereby Pinpoint agreed to indemnify and hold harmless Vezer for any personal claims resulting from the negligence, in whole on in part, of Pinpoint or its representatives. Vezer also maintained that a similar indemnity provision existed between Vezer and Central Sun Mining Inc., which, in turn, extended to Central Sun's successor, B2 Gold. Vezer's original Third-Party complaint, filed on February 5, 2010 after the Court's previous February 1, 2010 authorized it to do so, asserted Vezer's alleged indemnity rights against both Pinpoint and B2 Gold.

///
///

Now, Vezer seeks to amend its Third-Party Complaint on grounds that it has discovered that Central Sun Mining, Inc., who executed the initial indemnity agreement in Vezer's favor, is in fact still a viable legal entity from which indemnification can properly be sought.  No opposition has been filed to the instant Motion for Leave to File a First Amended Third-Party Complaint.

Federal Rule of Civil Procedure 14 a party to bring a lawsuit against, or "implead," a third party who is not already a party to the lawsuit in order to transfer liability being asserted against it in the underlying lawsuit.  Rule 14(a)(1) provides in pertinent part as follows:

> "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it.  But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 10 days after serving its original answer."

The District Court has broad discretion in determining the propriety of a third-party claim under Rule 14. <u>Southwest Admin., Inc. v. Rozay's Transfer</u>, 791 F.2d 769, 777 (9th Cir. 1986).  Rule 14 is to be construed liberally in favor of allowing impleader. <u>Lehman v. Revolution Portfolio L.L.C.</u>, 166 F.3d 389, 393 (1st Cir. 1999).

Given Vezer's contention that indemnity agreements were in place that extended not only to Pinpoint Holdings and B2 Gold, but also to Central Sun Mining, Defendant Vezer would presumably have grounds upon which to file a separate lawsuit for contribution and indemnity against Central Sun Mining, as well as Pinpoint Holdings and B2 Gold.

///

3

1  Accordingly, it is proper to amend Vezer's Third-party Complaint
2  to include Central Sun Mining, Inc.  Vezer's Motion (Docket
3  No. 23) is therefore GRANTED.[1]  Vezer shall file and serve its
4  proposed First Amended Third-Party Complaint forthwith.
5      IT IS SO ORDERED.
6  Dated: June 10, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

4