IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUBEN PEREZ, et al.,

    Plaintiff,                              CIV. NO. S-09-2850 MCE GGH (TEMP)

    vs.

VEZER INDUSTRIAL PROFESSIONALS, INC., et al.,

    Defendants.                       ORDER
_____/

VEZER INDUSTRIAL PROFESSIONALS, INC.,

    Third-Party Plaintiff,

    vs.

PINPOINT HOLDING, INC., et al.,

    Third-Party Defendants.
_____/

        Presently before the court is defendant Vezer Industrial Professionals, Inc.'s ("Vezer") ex parte "application for an order that depositions in Nicaragua shall proceed as properly noticed," filed January 18, 2011. Also filed on that date was plaintiffs' "application for expedited hearing on plaintiffs' motion for protection," and "motion for protection." Based on these papers, the court scheduled an expedited telephone conference, held January 19, 2011 at 9:30 a.m. At 8:55 a.m. on January 19, 2011, third party defendants B2Gold Corp. and Central Sun Mining, Inc. filed a joinder in Vezer's ex parte application. Robert Luke and Derek

Merman represented plaintiffs. Joseph Owens represented Vezer. Matt Effland represented third-party defendant Pinpoint Holdings, Inc. Lisa Estabrook joined the phone conference midway and represented third-party defendants B2Gold and Central Sun Mining, Inc. Having heard the parties' arguments, the court now issues the following summary order for the sake of expediency.[1]

        On December 21, 2010, while participating in depositions, Vezer's counsel suggested to plaintiffs' counsel the date of January 4, 2011 for eight depositions to take place in Nicaragua. Plaintiffs' counsel responded, perhaps vaguely, that the latter half of January, 2011 would be preferable. (Owens Decl. ¶ 2.) On December 22, 2010, while still in depositions, Vezer's counsel suggested the week of January 24, 2011 for these depositions. Plaintiffs' counsel stated that they would not agree to anything verbally at that time. (Id. at ¶ 3.) On December 28, 2010, Vezer served deposition notices by overnight mail, setting the depositions for January 24 through 27, 2011. (Def.'s App., Ex. A.) On January 4, 2011, plaintiffs' counsel sent a letter indicating that they were not available on those dates, and setting forth their trial schedule for January and February, 2011. The letter stated that they were available in March for depositions under "agreeable conditions." (Def.'s App., Ex. B.) On January 6, 2011, Vezer's counsel sent a letter to plaintiffs' counsel, stating that the depositions were proceeding on January 24, 2011 per plaintiffs counsels' representation on December 21 that they would not be available for these depositions until after the middle of January, and their December 22 request that the deposition proposal be put in writing. (Id. at Ex. C.) On January 17, 2011, plaintiffs' counsel wrote a letter to Vezer counsel indicating that they would not attend the depositions in January, and providing their dates of availability. (Id. at Ex. D.)

        Both parties are at fault in regard to the setting of these depositions. Vezer waited too long to begin the complicated process of setting these depositions of eight individuals in a

---

[1] Given the short notice to the court, no in-court hearing was possible, nor was it feasible to have the phone conference recorded.

foreign country which required not only transportation of all counsel, court reporter and videographer to Nicaragua, but also transportation of the witnesses from their home towns to Managua, approximately a two hour trip.  Arrangement of a local translator is also needed. Additionally, Vezer began by suggesting depositions to commence on January 6, 2011, less than three weeks after first suggesting them, and immediately after the Christmas/New Year holidays.

Plaintiffs are at fault for failing to be more forthcoming initially with their availability and failing to counter Vezer's proposed dates with their own specific proposed dates. Further, plaintiffs waited longer than necessary, up to the eve of the scheduled depositions, to definitively state that they would not attend the depositions was a bit of passive-aggressiveness in this regard which led to further expense.

All in all, the court places the burden of this decision on the party(s)  which commenced this unfortunate sequence of problems.  Starting to talk with plaintiff's counsel only on December 21 for numerous depositions in a foreign country to be taken in January is not reasonable.  Moreover, the first proffer to plaintiff's counsel was made away from home and office just prior to the December holidays making it difficult to give a certain answer regarding availability.  Not only are professional conflicts potentially involved, but family considerations must be taken into account as well.  It should have been apparent to defendants that attendance at these foreign depositions mere weeks after first being mentioned would probably be very difficult to arrange because of opposing counsel's other conflicting commitments.  The fact that plaintiffs' counsel was not more forthcoming with specific dates, or a firm, immediate  rejection of January depositions is secondary in the undersigned's mind.

The undersigned understands the complicated nature of setting these depositions, and the potential prejudice to some of the parties if the witnesses are recalcitrant.  Nevertheless, if Vezer was able to move the depositions from January 6 to January 24, it can probably move them again to March.  Because the discovery cutoff is not until June 23, 2011, the parties will not be prejudiced by conducting the depositions in March.

Accordingly, the parties shall meet and confer and agree to specific dates in March, 2001, in which to conduct the depositions. Professional and family commitments shall not stand in the way of prospective dates. Plaintiffs' counsel shall work with defendants' counsel to accomplish setting the depositions.

IT IS ORDERED that:

1. Vezer Industrial Professionals, Inc.'s ("Vezer") ex parte "application for an order that depositions in Nicaragua shall proceed as properly noticed," filed January 18, 2011, (dkt. # 64), is denied.

2. Plaintiffs' "application for expedited hearing on plaintiffs' motion for protection," filed January 18, 2011, (dkt. # 65), is granted.

3. Plaintiffs' "motion for protection," filed January 18, 2011, (dkt. #66), is granted.

4. Within 21 days of this order, the parties shall meet and confer, and file either a joint statement indicating the agreed dates in March, 2011, for depositions in Nicaragua, or separate statements indicating why they could not agree on dates in March. If the parties are unable to agree to dates, the court will schedule dates and most likely impose sanctions.

DATED: January 19, 2011

   /s/ Gregory G. Hollows
U. S. MAGISTRATE JUDGE

GGH:076/Perez2850.mpo.wpd