UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

---

RUBEN PEREZ, MICHAEL MOORE and BRIGETTE MOORE,

    Plaintiffs,

  v.

VEZER INDUSTRIAL PROFESSIONALS, INC., a California Corporation and DOES 1-50 inclusive,

    Defendants.
_____/

VEZER INDUSTRIAL PROFESSIONALS, INC.,

    Third-Party Plaintiff,

  v.

PINPOINT HOLDINGS, INC., a corporation; B2 GOLD, a Canadian corporation, and CENTRAL SUN MINING, INC.,

    Third-Party Defendants.

No. 2:09-cv-02850-MCE-KJM

**ORDER**

----oo0oo----

///

1

On July 13, 2011, Defendant and Third-Party Plaintiff Vezer Industrial Professionals, Inc. ("Vezer") moved for summary judgment, or in the alternative for summary adjudication of issues, as to Plaintiffs' personal injury claims stemming from a motor vehicle accident that occurred in Nicaragua on October 4, 2008.  Vezer's Motions are primarily based on their contention that because Vezer was Plaintiffs' "special employer", and because they were acting within the course and scope of that special employment, the present lawsuit is barred by the exclusive remedy of worker's compensation.  Vezer's summary judgment motions (ECF Nos. 77 and 78) are scheduled for hearing on August 11, 2011.  On July 28, 2011, in conjunction with an opposition to the motions, Plaintiffs filed a motion for continuance pursuant to Federal Rule of Civil Procedure 56(f).[1]

Plaintiffs contend, through the affidavit of their counsel, Anthony Coveny, that further discovery is essential to properly oppose the motions. Plaintiffs point to the fact that the summary judgment motions were filed just before a round of Nicaraguan depositions taken during the week of July 25, 2011, and state that the official transcripts of at least three of those depositions are not yet available.  Attorney Coveny's affidavit further identifies several additional depositions, either scheduled or tentatively scheduled between the present time and early September, that are significant in determining the employment status of Plaintiffs and other workers at the Nicaraguan gold mine where Vezer was doing work at the time of the accident.

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

2

1 Finally, Plaintiffs allege that considerable written discovery
2 directed to Plaintiffs' employment status has not yet been
3 provided by Vezer, and may necessitate a motion to compel in
4 order to ensure proper compliance and production.
5     This discovery appears directly related to formulating
6 Plaintiffs' opposition to Vezer's motions.  Rule 56(f) provides
7 for continuance of a summary judgment motion under such
8 circumstances, stating in pertinent part as follows:

> **f) When Affidavits are Unavailable.**  Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

14 Rule 56(f) confers the court with discretion to order that
15 additional discovery be completed before to summary judgment, or
16 to "make such order as it just" to "protect parties from a
17 premature grant of summary judgment." Weinberg v. Whatcom
18 County, 241 F.3d 746, 750 (9th Cir. 2001).  "A district court
19 should continue a summary judgment upon a good faith showing by
20 affidavit that the continuance is needed to obtain facts
21 essential to preclude summary judgment." Id. at 750, citing
22 California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998).  The
23 court also has the authority under Rule 56(f) to deny summary
24 judgment pending the completion of needed discovery. Margolis v.
25 Ryan, 140 F.3d 850, 853 (9th Cir. 1998).
26 ///
27 ///
28 ///

3

     Significantly, in addition to the discovery being necessary, the discovery deadline in this matter does not close until September 23, 2011.  Given the fact that Defendants had until December 14, 2011 under the Court's scheduling order to file dispositive motions in this matter, Vezer's insistence in proceeding with its motions now appears misplaced given the circumstances outlined above.

     Vezer's summary judgment motions (ECF Nos. 77 and 78) are accordingly DENIED, without prejudice, as premature.[2]  Vezer may renotice said motions to be heard after the September 23, 2011 deadline for completing fact discovery has expired.

     IT IS SO ORDERED.

Dated: August 5, 2011

                                       MORRISON C. ENGLAND, JR.
                                       UNITED STATES DISTRICT JUDGE

---

[2] Because oral argument was not of material assistance, the Court deemed this matter appropriate for decision on the briefs. E.D. Cal. Local Rule 230(g).

4