UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RUBEN PEREZ, MICHAEL MOORE
and BRIGETTE MOORE,

        NO. 2:09-cv-02850-MCE-KJM

    Plaintiff,

  v.                         **ORDER**

VEZER INDUSTRIAL
PROFESSIONALS, INC., a
California Corporation and
DOES 1-50 inclusive,

    Defendants.
_____/

VEZER INDUSTRIAL
PROFESSIONALS, INC.,

    Third-Party Plaintiff,

  v.

PINPOINT HOLDING. INC., a
corporation; B2 GOLD, a
Canadian corporation,

    Third-Party Defendants.

----oo0oo----

///

1

1      Presently before the Court is a Motion to Modify the Court's
2 Pretrial Scheduling Order ("PTSO") in this matter, most recently
3 amended by Stipulation and Order filed on February 25, 2011.
4 That Motion is brought on behalf of Plaintiffs Ruben Perez,
5 Michael Moore and Brigette Moore ("Plaintiffs").  Plaintiffs
6 claim to have sustained personal injuries while doing work for
7 Defendant Vezer Industrial Professionals, Inc. ("Vezer") at a
8 gold mine in La Libertad, Nicaragua owned by Central Sun Mining
9 and its successor-in-interest, Third-Party Defendant B2 Gold.
10      In addition to seeking to extend the current deadlines for
11 completion of non-expert discovery, Plaintiffs also request a
12 similar extension for the designation of trial experts, which
13 currently is set to expire on October 24, 2011.  Finally,
14 Plaintiffs' Motion further seeks revision of the PTSO so as to
15 allow the filing of an amended complaint that, according to
16 Plaintiffs, will permit them to plead facts adduced since this
17 action was initially commenced with greater specificity.  The
18 initial PTSO filed herein on July 27, 2010 does not permit
19 further amendment to pleadings absent leave of court.
20 Consequently, both Plaintiffs' extension requests, and their
21 request for permission to further amend the complaint on file
22 herein, both require a modification of the operative PTSO.
23      Once a district court has filed a PTSO pursuant to Rule 16,
24 as it did in this matter on July 27, 2010, the standards set
25 forth by Rule 16 control.  <u>Johnson v. Mammoth Recreations, Inc.</u>,
26 975 F.2d 604, 607-08 (9th Cir. 1992).  Prior to the final
27 pretrial conference, a court may modify a status order upon a
28 showing of "good cause."  <u>See</u> Fed. R. Civ. P. 16(b).

"Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609.  In explaining this standard, the Ninth Circuit has stated that:

> [a] district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Moreover, carelessness is not compatible with a finding of diligence and offers no reason for granting of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

Id. (citations omitted).

Plaintiffs' Motion describes in considerable detail the difficulties encountered in completing discovery in this matter, much of which has to be done in a foreign nation, Nicaragua. Various cancellations and other logistical difficulties beyond Plaintiffs' control have occurred. The Motion further enumerates that certain critical testimony has diverged from information that previously had been obtained, thereby necessitating additional discovery. The Court believes that Plaintiffs have been diligent in pursuing discovery under these circumstances.

Given what appear to be substantial new facts, the Court further believes that an amended complaint more accurately setting forth those facts is in order. The proposed amended pleading does not allege new causes of action and it does not appear that Defendant Vezer will be prejudiced by the filing of a complaint that simply conform to new and additional proof.

3

The Motion to Modify (ECF No. 89) is accordingly GRANTED.[1] Given the impending trial date of April 23, 2012, however, the ninety-day extension of time sought with respect to the completion of non-expert discovery is too lengthy.  The Court consequently will extend the discovery deadline only to **December 2, 2011.**  The deadline for designating expert witnesses is similarly extended to one month after the close of regular discovery, or until **January 6, 2012**.  No further extension requests concerning the above, however, will be entertained on behalf of any of the parties to this litigation.

With respect to the amended complaint, Plaintiffs are directed to file their proposed First Amended Complaint (as attached to the instant Motion) forthright.

Inasmuch as no other modifications to the Court's PTSO have been sought by any of the parties, either by way of the supporting papers or by opposition, the remainder of the dates established in this matter, including the trial and final pretrial conference dates, will remain unchanged.

IT IS SO ORDERED.

Dated: October 21, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Because oral argument was not be of material assistance, the Court ordered this matter submitted on the briefing.  E.D. Local Rule 230(h).

4