UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN PEREZ, MICHAEL MOORE and BRIGETTE MOORE,<br><br>      Plaintiff,<br><br>  v.<br><br>VEZER INDUSTRIAL PROFESSIONALS, INC., a California Corporation and DOES 1-50 inclusive,<br><br>      Defendants.<br>_____/<br>VEZER INDUSTRIAL PROFESSIONALS, INC.,<br><br>      Third-Party Plaintiff,<br><br>  v.<br><br>PINPOINT HOLDINGS, INC., a corporation; B2 GOLD, a Canadian corporation, and CENTRAL SUN MINING, INC.,<br><br>      Third-Party Defendants. | NO. 2:09-cv-02850-MCE-KJM<br><br><br><br><br>**ORDER** |

----oo0oo----

///

///

1

1   On January 10, 2012, counsel for Defendant and Third-Party
2 Plaintiff Vezer Industrial Professionals, Inc. ("Vezer") filed an
3 ex parte application to strike Plaintiff's Cross-Motion for
4 Summary Judgment, filed January 5, 2012 on grounds that
5 Plaintiff's Cross-Motion violates the terms of the Court's
6 Pretrial Scheduling Order ("PTSO") in this matter.  Vezer's ex
7 parte application is now before the Court for adjudication.
8   Vezer correctly points out that the operative PTSO in this
9 matter, as amended at the request of the parties on February 25,
10 2011, calls for Plaintiffs to file their dispositive motion by
11 November 23, 2011, to be followed by Defendants' corresponding
12 cross-motions on December 14, 2011.  Procedurally, however, that
13 is not what actually happened.  Defendants, rather than
14 Plaintiffs, filed the first round of summary judgment motions.
15 Under Local Rule 230(e), Plaintiffs may timely file a cross-
16 motion in response to Defendants' motions at the time designated
17 for opposition, so long as the general subject matter of the
18 cross-motion is "related" to the original motion.  Here, since
19 all the motions involve the same disputed liability issues, there
20 can be no question that they are related for purposes of
21 Rule 230.  Therefore, under the Local Rules, Plaintiffs' Cross-
22 Motion in response to Defendants' motions was timely, and the
23 Court may continue all related motions in order to afford the
24 opportunity for full briefing.  Moreover, to the extent that the
25 scheduling constraints in this particular case may have arguably
26 deviated from the provisions of our Local Rules, those
27 constraints did not specifically contemplate the actual order of
28 filing herein.

1  Any resolution of that initial inquiry in Plaintiffs' favor
2 still leaves the undisputed fact that the February 25, 2011 Order
3 (ECF No. 73) calls for Plaintiffs' opposition to be filed by
4 December 28, 2011.  Consequently, even if Plaintiffs were
5 permitted to file a cross-motion in lieu of that opposition, that
6 cross-motion was not in fact filed until January 5, 2012,
7 approximately a week late.  There, is, however, yet another
8 complicating factor.  By order dated December 15, 2011, the Court
9 continued the hearing on Defendants' summary judgment motions by
10 one week, from January 19, 2012 to January 26, 2012.  Plaintiffs'
11 cross-motion, as filed on January 5, 2012, generally comported
12 with the one-week continuance of the original hearing (even
13 though the cross-motion was technically filed eight days after
14 December 28, 2011) despite the fact that in continuing the
15 hearing date the Court did not continue any other deadline
16 associated with the case.

17  The Court is understandably reluctant to countenance any
18 breach of its scheduling orders, and nothing in this order should
19 be interpreted as condoning such behavior.  Nonetheless, as
20 enumerated above, the orders in place here could be interpreted
21 as both confusing and not expressly applicable to what transpired
22 in this matter.  The Christmas and New Year's holidays falling
23 between the deadlines in question added still further
24 complication.  In the interest of permitting this case to be
25 heard on its merits the Court will permit Plaintiffs' cross-
26 motion for summary judgment to be heard along with Defendants'
27 own corresponding motions.
28 ///

Defendant Vezer's Ex Parte Application to Strike Plaintiffs' Motion for Summary Judgment (ECF No. 172) is accordingly DENIED. Given Vezer's claim that its ability to respond to Plaintiffs' Motion at such short notice was severely compromised, however, the Court will continue all currently pending motions in this case (ECF Nos. 137, 140, 141, 154 and 165) to **March 8, 2012** at **2:00 p.m.**  The deadline for Defendants' response to Plaintiffs' Cross-Motion shall be calculated in response to that continued hearing date, and any response already filed in anticipation of the January 26, 2012 hearing date may be amended accordingly.

IT IS SO ORDERED.

Dated: January 24, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

4