UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RUBEN PEREZ, MICHAEL MOORE
and BRIGETTE MOORE,

       No. 2:09-cv-02850-MCE-CKD

     Plaintiffs,

   v.                   **ORDER**

VEZER INDUSTRIAL
PROFESSIONALS, INC., a
California Corporation and
DOES 1-50 inclusive,

     Defendants.
_____/

VEZER INDUSTRIAL
PROFESSIONALS, INC.,

     Third-Party Plaintiff,

   v.

PINPOINT HOLDING. INC., a
corporation; B2 GOLD, a
Canadian corporation,

     Third-Party Defendants.

_____/

----oo0oo----

1

1    Presently before the Court is Plaintiffs' Motion to Modify
2  the Court's Pretrial Scheduling Order ("PTSO") so as to permit a
3  motion to compel to be heard before the assigned magistrate
4  judge.  Plaintiffs claim to have sustained personal injuries
5  while doing work for Defendant Vezer Industrial Professionals,
6  Inc. ("Vezer") at a gold mine in La Libertad, Nicaragua, owned by
7  Central Sun Mining and its successor-in-interest, Third-Party
8  Defendant B2 Gold.

9    The deadline for completing non-expert discovery in this
10 matter was December 2, 2011, pursuant to an extension granted by
11 this Court on October 21, 2011.  That extension was less than the
12 ninety days requested by Plaintiffs, in part because an April 12,
13 2012 trial date was then pending.  Plaintiffs immediately
14 scheduled needed discovery after that extension was granted,
15 including the deposition of the person most knowledgeable for
16 Defendant Vezer pursuant to Federal Rule of Civil Procedure
17 30(b)(6).  Plaintiffs also, on October 24, 2011, filed a motion
18 to compel discovery responses from Vezer.  By order filed
19 November 29, 2011, the magistrate judge found that Vezer had
20 breached its duty to preserve discoverable evidence.  Monetary
21 sanctions were imposed and the magistrate judge suggested that
22 additional discovery might be necessary to obviate the spoliation
23 that had occurred.  See November 29, 2011 Order, ECF No. 135,
24 14:12-19.

25   Given the discovery cutoff that occurred just three days
26 after the magistrate judge issued her order, Plaintiffs obviously
27 could not move to compel additional discovery consistent with
28 that order before December 2, 2011.

2

According to Plaintiffs, Vezer also refused to answer another pending discovery request on November 23, 2011, also at a time when bringing a motion to compel was logistically not feasible. Moreover, with respect to the deposition of the person most knowledgeable at Vezer, Vezer objected to that deposition just one day before it was scheduled to commence on November 17, 2011, again making it impossible to challenge the propriety of that objection before discovery expired.

Once a district court has filed a PTSO pursuant to Rule 16, as it did in this matter on July 27, 2010, the standards set forth by Rule 16 control. <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 607-08 (9th Cir. 1992). Prior to the final pretrial conference, a court may modify a status order upon a showing of "good cause." <u>See</u> Fed. R. Civ. P. 16(b).

"Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." <u>Johnson</u>, 975 F.2d at 609. In explaining this standard, the Ninth Circuit has stated that:

> [a] district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' Moreover, carelessness is not compatible with a finding of diligence and offers no reason for granting of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

<u>Id.</u> (citations omitted).

///

1      Given the circumstances outlined above, the Court finds that
2  the requisite showing of good cause has been made.  Plaintiffs
3  should be permitted to seek specific redress from the magistrate
4  judge with respect to any needed discovery given the spoliation
5  of evidence and, further, should be permitted to challenge the
6  propriety of Vezer's eleventh-hour objections to pending
7  discovery.  The Court's finding in this regard is motivated, in
8  part, by the fact that trial of this matter has now been
9  continued to February of 2013, so that the time constraints
10 associated with the abbreviated extension granted on October 21,
11 2012, no longer apply.

12      In modifying the Court's Scheduling Order so as to permit
13 the appropriate motion to compel to be brought before the
14 magistrate judge, and in empowering the magistrate judge to
15 authorize such additional discovery as she deems appropriate
16 under the circumstances, the Court must emphasize that this order
17 in no way is intended to reflect on the merits of Plaintiffs'
18 requests.  Instead, it simply is intended to afford Plaintiffs
19 the opportunity to seek redress from the magistrate judge as to
20 the alleged discovery abuses and to permit the magistrate judge
21 to authorize additional discovery within the confines of the
22 discovery period as she believes is necessary.

23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

4

1    The Motion to Modify Scheduling Order (ECF No. 137) is

2  accordingly GRANTED [1] for the limited purpose of pursuing a

3  motion to compel as set forth above.  No other modifications of

4  the Scheduling Order are being made.

5    IT IS SO ORDERED.

6
   Dated: March 13, 2012
7
8                                           _____
9                                           MORRISON C. ENGLAND, JR.
                                            UNITED STATES DISTRICT JUDGE
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27    [1] Because oral argument was not be of material assistance,
    the Court ordered this matter submitted on the briefing.  E.D.
28  Local Rule 230(g).

5