1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   RUBEN PEREZ, MICHAEL MOORE,              No. 2:09-cv-02850-MCE-KJM
     and BRIGETTE MOORE
12
              Plaintiffs,
13
              vs.
14
     VEZER INDUSTRIAL                          ORDER
15   PROFESSIONALS, INS., a
     California Corporation and
16   DOES 1-50 inclusive,

17           Defendants.
     _____/
18
     VEZER INDUSTRIAL
19   PROFESSIONALS, INC.,

20           Third-Party Plaintiffs,

21           vs.

22   PINPOINT HOLDINGS, INC.,
     a corporation; B2 GOLD, a
23   Canadian corporation

24           Third-Party Defendants.

25   _____/

26

27   ///

28   ///

                                   1

Through the present lawsuit, Plaintiffs Ruben Perez and Michael Moore (hereinafter "Plaintiffs" unless otherwise specified[1]) seek damages for personal injuries they sustained in a motor vehicle accident that occurred while they were working at a Nicaragua mining site whose construction was being managed by Defendant Vezer Industrial Professionals, Inc. ("Vezer").  The Court's jurisdiction in this matter is premised on diversity of citizenship under 28 U.S.C. § 1332(a).

Following the commencement of Plaintiffs' action against Vezer, Vezer in turn filed a third-party action which sought, inter alia, express and equitable indemnity against PinPoint Holdings, Inc. ("PinPoint"), the employment agency under whose auspices Plaintiffs were hired.  PinPoint now seeks summary judgment, or alternatively summary adjudication of issues, on grounds that Vezer's indemnity claims are barred.  For the reasons set forth below, PinPoint's motion will be denied in its entirety.[2]

**BACKGROUND**

In September of 2008, Plaintiffs, who are both millwrights for heavy equipment, were contacted by PinPoint about doing work for Vezer at a remote mining site in the mountains near La Libertad, Nicaragua.

---

[1] The third named Plaintiff, Brigette Moore, asserts a loss of consortium claim based on Michael Moore's injuries.

[2] Because oral argument was not determined to be of material assistance, the Court ordered this matter submitted on the briefing.  E.D. Local Rule 230(g).

2

Vezer had been hired by the mine's owner, Third-Party Defendant
Central Sun Mining ("Central Sun"), to install new equipment.
PinPoint describes itself as a staffing and payroll service
company that assists customers by supplying skilled labor
personnel for projects, and by handling the payroll for such
personnel.  PinPoint concedes that in this capacity it engaged
and employed Plaintiffs to provide services to Vezer at the
Nicaraguan mining site.  It is also undisputed that PinPoint
agreed to and did secure Worker's Compensation insurance coverage
for both Plaintiffs at the time they were hired.

On October 5, 2008, while in Nicaragua, Plaintiffs were
involved in an automobile accident shortly after midnight.  Both
suffered physical injuries and, on July 27, 2009, sued Vezer in
state court for its alleged negligence in providing unsafe
transportation.  The state court action was subsequently removed
to this court on diversity grounds.  Then, on February 5, 2010,
Vezer filed a Third Party Complaint against PinPoint and others,
as later amended on June 11, 2010.  Vezer's claim against
PinPoint is predicated on a March 12, 2008 Purchase Order for
Labor and Services between Vezer and Pinpoint pursuant to which
Plaintiffs were hired.  Vezer claims the provisions of that
Purchase Order entitle it to express indemnity.  The
indemnification clause contained in the Purchase Order provides
as follows:

///

///

///

///

11.  <u>Indemnification.</u>  To the fullest extent permitted by law, [PinPoint] shall indemnify and hold harmless [Vezer] and its agents and employees from and against claims, damages, losses and expenses, including, but not limited to, attorneys' fees arising out of or resulting from performance of the Work, provided that any such claim, damage, loss or expense is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of property including the loss of use resulting therefrom, but only to the extent caused in whole or in part by the acts or omissions of [PinPoint], [PinPoint's] subcontractors, anyone directly or indirectly employed by them, or anyone for whose acts they may be liable, regardless of whether or not such claim, damage, loss, or expense is attributable in whole or in part to any act, omission, or negligence of a party indemnified hereunder.  Such obligation shall not be construed to negate, abridge, or otherwise reduce other rights or obligations of indemnity which would otherwise exist as to a party, person, or entity described herein with respect to indemnity."

Purchase Order, ¶ 11, attached as Ex. A to the Declaration Of

Mark Hall filed in Support of PinPoint's Motion.

Pursuant to the Purchase Order, "[t]he term 'Work' means all

goods, items, materials, equipment, labor and/or other services

that are the subject of this purchase order."  <u>Id.</u> at ¶ 1.

PinPoint's Motion now before the Court is premised on the

fact that the Purchase Order was signed only by Mark Hall of

PinPoint and, accordingly, is not enforceable absent execution by

both parties.  Because PinPoint thereby claims the indemnity

provision to be inapplicable, it argues that Vezer's third-party

claim based on the indemnification clause fails.  In the absence

of an enforceable indemnity provision, PinPoint goes on to argue

that PinPoint is insulated from Vezer's claim because of the

exclusivity rule applicable to worker's compensation.

///

///

4

1

2

**STANDARD**

3       The Federal Rules of Civil Procedure provide for summary

4  judgment when "the pleadings, depositions, answers to

5  interrogatories, and admissions on file, together with

6  affidavits, if any, show that there is no genuine issue as to any

7  material fact and that the moving party is entitled to a judgment

8  as a matter of law."  Fed. R. Civ. P. 56(c); Celotex Corp. v.

9  Catrett, 477 U.S. 317, 322 (1986).  One of the principal purposes

10 of Rule 56 is to dispose of factually unsupported claims or

11 defenses.  Celotex Corp. v. Catrett, 477 U.S. at 325.

12      Rule 56 also allows a court to grant summary adjudication on

13 part of a claim or defense.  See Fed. R. Civ. P. 56(a) ("A party

14 may move for summary judgment, identifying . . . the part of each

15 claim or defense . . . on which summary judgment is sought.");

16 see also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378-79

17 (C.D. Cal. 1995); France Stone Co., Inc. v. Charter Twp. of

18 Monroe, 790 F. Supp. 707, 710 (E.D. Mich. 1992).

19      The standard that applies to a motion for summary

20 adjudication is the same as that which applies to a motion for

21 summary judgment.  See Fed. R. Civ. P. 56(a), 56(c); Mora v.

22 ChemTronics, 16 F. Supp. 2d. 1192, 1200 (S.D. Cal. 1998).

23          Under summary judgment practice, the moving party
            always bears the initial responsibility of informing
24          the district court of the basis for its motion, and
            identifying those portions of 'the pleadings,
25          depositions, answers to interrogatories, and admissions
            on file together with the affidavits, if any,' which it
26          believes demonstrate the absence of a genuine issue of
            material fact.

27

28 Celotex Corp., 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968).

In attempting to establish the existence of this factual dispute, the opposing party must tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e).  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52 (1986); Owens v. Local No. 169, Assoc. of W. Pulp and Paper Workers, 971 F.2d 347, 355 (9th Cir. 1987).  Stated another way, "before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed."  Anderson, 477 U.S. at 251 (quoting Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)). As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . .

Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" <u>Matsushita</u>, 475 U.S. at 586-87.

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. <u>Anderson</u>, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. <u>Richards v. Nielsen Freight Lines</u>, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), <u>aff'd</u>, 810 F.2d 898 (9th Cir. 1987).

**ANALYSIS**

It is well established that lawsuits by an employee against his or her employer for injuries during the course and scope of employment are subject to the exclusive remedy of the worker's compensation system and the benefits attendant thereto. California Labor Code Section 3600(a)(3) states unequivocally that worker's compensation liability shall exist against an employer for any injury sustained by his or her employees that arose in the course and scope of employment.  Section 3602 goes on to prescribe that when applicable, worker's compensation is "the sole and exclusive remedy of the employee against the employer..."  Cal. Lab. Code § 3602(a).

///

///

An employee accordingly may not pursue a separate civil action for damages against the employer if worker's compensation applies.  See, e.g., <u>Privette v. Superior Court</u>, 5 Cal. 4th 689, 698 (1993).  The limitation on employer liability encompassed by worker's compensation also precludes a party other than the employee from obtaining indemnity from the employer for an employee's injuries sustained in the course and scope of employment.  <u>Id.</u>, Cal. Lab. Code § 3864.  Consequently, if one assumes that PinPoint was Plaintiffs' employer and that the injuries sustained by Plaintiffs in the October 5, 2008 motor vehicle accident occurred during the course and scope of their employment, then worker's compensation would appear to preclude both any action by Plaintiffs against PinPoint (no such direct claims have been made, however, with Plaintiffs having sued only Vezer).  In addition, the same principles of worker's compensation as stated above would also bar Vezer's claim for indemnity under the above scenario unless some exception to the exclusivity rule applies.

California Labor Code Section 3864 does, however, provide a limited exception to the general rule of worker's compensation exclusivity.  Specifically, Section 3864 allows an entity sued by an employee (like Vezer) to seek indemnity against the employee's employer (here, PinPoint) if an indemnity obligation is set forth in a written agreement executed prior to the injury.  Here, as delineated above, just such an indemnity agreement was contained within the operative Purchase Order between Vezer and PinPoint.  Vezer, in attempting to bring itself within the scope of Section 3864's exemption, has the burden of establishing its application.

1   See <u>Behrens v. Fayette Mfg Co.</u>, 4 Cal. App. 4th 1567, 1574 (1992)

2   ("[party] seeking to be excluded from the general sweep of the

3   exclusive remedy of workers' compensation, must establish that

4   the exception applies.").

5       Here, as indicated above, Vezer points to the specific terms

6   of an indemnity provision under the terms of which PinPoint

7   agreed to indemnify and hold Vezer harmless from liability

8   arising from injury sustained by individuals is placed (like

9   Plaintiffs) during the course and scope of their employment.

10  PinPoint nonetheless asks the Court to ignore that provision

11  because the Purchase Order was not physically signed by a

12  representative of Vezer, even though it was undisputedly executed

13  by PinPoint as the proposed indemnitor.  PinPoint argues that

14  absent both parties' signatures, the indemnity agreement is

15  ineffective.  It cites several cases to support that proposition,

16  and consequently argues that any attempt by Vezer to bring itself

17  within the exception represented by Section 3864 must fail.  <u>See</u>,

18  <u>e.g.</u>, <u>Hansen Mech. Inc. v. Superior Court</u>, 40 Cal. App. 4th 722,

19  731 (1995); <u>Nielsen Constr. Co. v. Int'l Iron Products,</u>

20  18 Cal. App. 4th 863, 869 (1993).  Other California appellate

21  cases, however, have come to the opposite conclusion.  In <u>City of</u>

22  <u>Oakland v. Delcon Assoc.</u>, 168 Cal. App. 3d 1126 (1985), for

23  example, the court determined that "[t]he Labor Code's

24  requirement that an indemnity agreement be in writing and

25  executed prior to the injury means executed by the party sought

26  to be bound – the employer."  Id. at 1130.  This of course means

27  that having been executed by PinPoint, the indemnity provision

28  ought to be enforceable.

9

1    Significantly, while the Ninth Circuit was presented with this
2    issue in <u>Blake v. Excel Environmental</u>, 104 F.3d 1158 (1996), it
3    did not address the foregoing split of authority, finding only
4    that because the <u>indemnitor</u> (here PinPoint) had not signed, the
5    indemnity provision was not enforceable.  <u>Id.</u> at 1162 ("Because
6    the purchase order was never signed by Excel, Section 3864
7    renders the indemnification clause ineffective").

8         Given what unquestionably represents, at the very least, a
9    split of opinion in California law, this Court cannot find as a
10   matter of law that the indemnification clause in inoperable, as
11   it would have to do to grant summary adjudication on that issue
12   in favor of PinPoint.  Under the particular facts of this case,
13   that conclusion is further underscored by the fact that it was
14   Vezer who prepared the Purchase Order and submitted it to
15   PinPoint for signature.  PinPoint not only signed the agreement,
16   it also accepted compensation pursuant to its terms.  To now
17   repudiate the agreement under those circumstances is, at best,
18   disengenuous.

19        Having determined that PinPoint cannot rely as a matter of
20   law on the invalidity of the Purchase Order's indemnification
21   clause, PinPoint's only remaining argument becomes whether or not
22   the accident in question occurred outside the scope of
23   Plaintiff's employment so escape the provisions of the indemnity
24   agreement in any event.  The operative Purchase Order, as
25   indicated above, refers to claims and damages arising from the
26   performance of the "work," with work, in turn, defined as the
27   services that are the subject of the Purchase Order.
28   ///

1  If PinPoint can establish as a matter of law that the October 5,

2  2008 accident unequivocally occurred outside the scope of

3  Plaintiffs' employment, then it still could potentially obviate

4  the possibility of any indemnity being owed under the agreement.

5      As delineated in great detail in this Court's concurrent

6  rulings on Vezer's Motions for Summary Judgment, as well as a

7  corresponding motion filed by Plaintiffs (ECF Nos. 150, 154 and

8  165), any determination as to whether the accident arose within

9  the course and scope of Plaintiffs' employment necessarily

10  requires the resolution of numerous disputed issues of fact that

11  are not amenable to disposition on summary judgment.[3]

12  PinPoint's additional argument that Plaintiff Moore should be

13  estopped because he received worker's compensation benefits also

14  fails for the reasons discussed in the Court's corresponding

15  Memorandum and Order adjudicating the other three summary

16  judgment motions.  That reasoning is also adopted for purposes of

17  this Order and need not be repeated here.

18      Finally, while PinPoint appears to argue by way of a lengthy

19  footnote that indemnity may also be unavailable because it had

20  nothing to do with any alleged negligence that contributed to the

21  cause of the accident (PinPoint alleges it had no role in the

22  operation of the mine or in the oversight, direction and control

23  of Plaintiffs while working there), that argument amounts to no

24  more than an unsupported allegation, with no supporting reference

25  whatsoever in Pinpoint's Statement of Undisputed Facts.

26

27  [3] The Court's reasoning in rejecting that argument in its
   decision on those three motions in incorporated herein by
28  reference and consequently need not be reiterated in its entirety
   in the present Memorandum and Order.

Moreover, despite that foundational deficit, whether PinPoint had any responsibility in its selection and recruitment of employees, and whether any deficit in that regard may have figured in the cause of the subject accident, would appear to entail the weighing of factual matters also not amenable to decision as a matter of law on summary judgment.

**CONCLUSION**

For all the foregoing reasons, PinPoint's Motion for Summary Judgment, or Alternatively for Partial Summary Judgment (ECF No. 141) is DENIED in its entirety.[4]

IT IS SO ORDERED.

Dated: September 24, 2012

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[4] The Court notes that PinPoint has filed certain evidentiary objections to the Declaration of Frank Vezer filed in opposition to Pinpoint's motion.  Those objections are overruled.