UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RUBEN PEREZ, MICHAEL MOORE
and BRIGETTE MOORE,

        NO. 2:09-cv-02850-MCE-KJM

    Plaintiffs,

 v.                                **ORDER**

VEZER INDUSTRIAL
PROFESSIONALS, INC., a
California Corporation and
DOES 1-50 inclusive,

    Defendants.
_____/
VEZER INDUSTRIAL
PROFESSIONALS, INC.,

    Third-Party Plaintiff,

 v.

PINPOINT HOLDINGS, INC., a
corporation; B2 GOLD, a
Canadian corporation, and CENTRAL
SUN MINING, INC.,

    Third-Party Defendants.

----oo0oo----

1

1    By Memorandum and Order dated September 24, 2012, this
2 Court denied Third-Party Defendant Pinpoint Holding's Motion for
3 Summary Judgment (which alternatively sought partial summary
4 judgment) against Third-Party Plaintiff Vezer Industrial
5 Professionals, Inc.  PinPoint Holdings subsequently filed a
6 Motion Requesting Certification of Order for Appeal pursuant to
7 28 U.S.C. § 1292(b).  That Motion, which is now before the
8 Court, asks that the Court certify for immediate appeal its
9 decision rejecting PinPoint's claim that the indemnity agreement
10 under which Vezer seeks express and equitable indemnity against
11 PinPoint was unenforceable because both parties to the agreement
12 had not executed the purchase order under which indemnity is
13 claimed.  The Court accordingly rejected PinPoint's claim that
14 it was entitled to summary judgment as to Vezer's indemnity
15 claims on that ground alone.

16    28 U.S.C. § 1292(b) authorizes an immediate appeal where
17 the issue in question both "presents controlling questions of
18 law as to which there is substantial ground for difference of
19 opinion" and involves circumstances where "an immediate appeal
20 from the order may materially advance the ultimate termination
21 of the litigation."  The Ninth Circuit is clear in directing
22 that resort to immediate appeal under Section 1292(b) should be
23 used only in "exceptional situations in which allowing an
24 interlocutory appeal would avoid protracted and expensive
25 litigation."  <u>In re Cement Antitrust Litigation</u>, 673 F.2d 1020,
26 1026 (9th Cir. 1982).  Instead, as Ninth Circuit precedent has
27 recognized, interlocutory appeal should be "applied sparingly."
28 <u>Id.</u>

In order to justify the appellate shortcut represented by interlocutory appeal, its proponent has the burden to show that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978).

The Court's September 24, 2012 Memorandum and Order pointed to a split in California authority with respect to whether both parties to the indemnity agreement are required to sign an indemnity agreement in order for that agreement to be effective. Order, ECF No. 206, 9:17-26. Given that disagreement, the Court found that it could not grant summary judgment in favor of Pinpoint on grounds that no valid indemnity agreement was in force. The Court also noted that the one Ninth Circuit case that addressed the issue, Blake v. Excel Environmental, 194 F.3d 1158 (9th Cir. 1996), did not directly address the split in California law but described the indemnity provision it considered as unenforceable because the indemnitor (here PinPoint) had not signed the agreement. In this case PinPoint signed the Purchase Order, prepared by Vezer, that contained the indemnity agreement and accepted compensation pursuant to the terms of said Order.

PinPoint argues that proceeding to trial here without determining whether the indemnity provision at issue is enforceable would require the Court to entertain substantial testimony at trial (as to whether Plaintiffs were in the course and scope of their employment for workers' compensation purposes, for example) that might otherwise be unnecessary. PinPoint

3

1 further argues that the case is less likely to settle prior to
2 trial if the issue as to the enforceability of the indemnity
3 provision remains unresolved.  Given the above, the Court finds
4 that an immediate appeal in this matter is indicated since such a
5 appeal may "materially advance" - rather than impede or delay -
6 the ultimate termination of this litigation.  <u>Reece v. BP</u>
7 <u>Exploration (Alaska) Inc.</u>, 643 F.3d 681, 688 (9th Cir. 2011).
8 Additionally, given the split in California law, the court finds
9 that fair-minded jurists could differ with respect to the
10 enforceability of the indemnity provision, a factor also pointing
11 towards the propriety of an interlocutory appeal.

12    Third-Party Defendant Pinpoint's Motion Requesting
13 Certification of Order for Appeal (ECF No. 208) is accordingly
14 GRANTED.[1]  This case is hereby stayed pending the outcome of
15 PinPoint's interlocutory appeal to the Ninth Circuit.  Because
16 the trial date in this matter is not currently set until
17 January 13, 2014, that date and the associated pre-trial
18 deadlines, which will not surface for approximately another
19 year, will be at present retained.

20    IT IS SO ORDERED.
21 Dated: November 21, 2012

23 _____
   MORRISON C. ENGLAND, JR.
24 UNITED STATES DISTRICT JUDGE

---

27   [1] Because oral argument was not of material assistance, the
Court ordered this matter submitted on the briefs.  E.D. Cal.
28 Local Rule 230(g).

4