UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN PEREZ, MICHAEL MOORE, and BRIDGETTE MOORE<br><br>    Plaintiffs,<br><br>    v.<br><br>VEZER INDUSTRIAL ORDER PROFESSIONALS, INS., a California Corporation and DOES 1-50 inclusive,<br><br>    Defendants.<br>_____ /<br>VEZER INDUSTRIAL PROFESSIONALS, INC.,<br><br>    Third-Party Plaintiffs,<br><br>    v.<br><br>PINPOINT HOLDINGS, INC., a Corporation, et al.<br><br>    Third-Party Defendants.<br>_____ / | No.  2:09-CV-02850-TLN-CKD<br><br>**ORDER VACATING THIS COURT'S PREVIOUS ORDER AND GRANTING PINPOINT'S MOTION FOR SUMMARY JUDGMENT** |

This matter is before the Court pursuant to a memorandum filed by the Ninth Circuit to enter summary judgment on behalf of PinPoint Holdings, Inc. ("Pinpoint").  (ECF No. 237.) Pinpoint seeks summary judgment, or alternatively summary adjudication of issues, on a cross-

1

claim by Vezer Industrial Professional, Inc. ("Vezer") for express and equitable indemnity, on the basis that the indemnification agreement was not signed by both parties. (ECF No. 141.) The Court previously denied Pinpoint's Motion for Summary Judgment. (ECF No. 206.) Pinpoint was subsequently granted an interlocutory appeal. (ECF No. 237.) Pursuant to the Ninth Circuit's ruling, this Court hereby VACATES its previous ruling (ECF No. 206), and orders as follows:

California appellate courts have held that California Labor Code section 3864 requires an indemnification agreement to be signed by all parties (i.e., both indemnitee and indemnitor) to be enforceable. *Perez v. Vezer Industrials, Inc.*, No. 13-15399, 2015 WL 2373503, at *1, (9th Cir. May 19, 2015); *Nielsen Constr. Co. v. Int'l Iron Prods.*, 22 Cal. Rptr. 2d 497, 500 (1993) (holding that section 3864 requires all parties to sign before the injury occurs); *see also Hansen Mech., Inc. v. Superior Court*, 47 Cal. Rptr. 2d 47, 53 (1995) (holding that the agreement was not properly executed because it was not signed by both parties).

Applying the *Nielson* and *Hansen* standard to the instant case, Pinpoint is entitled to summary judgment. It is undisputed that Vezer did not sign the purchase agreement containing the indemnification clause. (ECF No. 142.) This renders the indemnification clause unenforceable because it was not properly executed under section 3864. *Perez*, at *1. Therefore, Vezer is unable to recover under the indemnification clause in the purchase agreement as a matter of law. *Perez*, at *1. For the foregoing reasons, the Court hereby GRANTS Pinpoint's Motion for Summary Judgment.

IT IS SO ORDERED.

Dated: June 2, 2015

Troy L. Nunley
United States District Judge